IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
(McALLEN DIVISION)

| | | |
|---|---|---|
| **DALIA LIVAS** | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. _____ |
| | § | Removed from: |
| | § | Cause No. CL-18-2876-H |
| **THE BANK OF NEW YORK MELLON** | § | In the County Court at Law No. 8 |
| **AND SUBSTITUE TRUSTEE,** | § | Hidalgo County, Texas |
| **KENNNETH M. CULBRETH, JR.** | § | |
| | § | |
| Defendants. | § | |

## NOTICE OF REMOVAL

NOW COMES The Bank of New York Mellon, Defendant in the above-styled Civil Action ("Removing Defendant"), and removes the following case filed in the County Court at Law No. 8 Hidalgo County, Texas, pending as Cause CL-18-2876-H styled *Dalia Livas vs. The Bank of New York Mellon and Substitute Trustee Kenneth M. Culbreth, Jr.* (the "Removed Case") to the United States District Court for the Southern District of Texas, McAllen Division, and in support thereof would show the Court the following:

### I.
### REMOVED CASE (STATE COURT ACTION)

1.  Removing Defendant was served with process and Plaintiff's Original Petition, and Request for Temporary Restraining Order ("the Petition") on July 2, 2018 regarding the Removed Case (State Court Action) alleging various causes of action and claims and to enjoin a residential non-judicial foreclosure.

2.      Removing Defendant timely files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

3.      Jurisdiction of the Removed Case lies in this Court pursuant to 28 U.S.C. § 1332(a) and § 1441(a) and (b) as there is complete diversity between the parties.

## II.
## PROCEDURAL REQUIREMENTS

4.      This action is properly removed to this Court, as the Removed Case is pending within this district and division. 28 U.S.C. § 1441; 28 U.S.C. § 124(d)(1).

5.      The United States District Court for the Southern District of Texas, McAllen Division, has original jurisdiction over this action based on diversity jurisdiction because Removing Defendant is now, and was at the time this action commenced, diverse in citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount. *See* 28 U.S.C. §§ 1331 and 1332(a).

6.      Venue of the Removed Case is proper in this Court under 28 U.S.C. § 1441(a) because the state court where the Removed Case is pending is located in this district.

7.      Copies of all executed process, pleadings, orders signed by the state judge, and the docket sheet on file in the Removed Case are attached to this Notice behind the Index of Matters Filed (attached hereto as **Exhibit "A"**) as required by 28 U.S.C. § 1446(a) and Local Rule LR81.

8.      As required by Local Rule LR81, the following is a list of all counsel of record, including addresses, telephone numbers and parties represented:

    A. **Plaintiff:** Dalia Livas

     **Pro Se:** Dalia Livas
         4721 Sandpiper
         McAllen, Texas 78504
         (956) 614-8031 Telephone
         (956) 537-1769 Telephone

B.  **Defendant:**   The Bank of New York Mellon

    **Counsel:**   Kenneth M. Culbreth, Jr.
Attorney in Charge
State Bar No. 05207525
S.D. Tex. No. 11507
THE CULBRETH LAW FIRM, P.C.
500 N. Shoreline, Suite 612
Corpus Christi, Texas 78401
(361) 760-3333 Telephone
(361) 760-3339 Telecopier
kculbreth@theculbrethlawfirm.com

C.  **Defendant:**   Kenneth M. Culbreth, Jr., as Substitute Trustee

    **Counsel:**   Kenneth M. Culbreth, Jr.
Attorney in Charge
State Bar No. 05207525
S.D. Tex. No. 11507
THE CULBRETH LAW FIRM, P.C.
500 N. Shoreline, Suite 612
Corpus Christi, Texas 78401
(361) 760-3333 Telephone
(361) 760-3339 Telecopier
kculbreth@theculbrethlawfirm.com

9. Simultaneously with the filing of this Notice of Removal, Removing Defendant is filing a copy of the Notice of Removal in the County Court at Law No. 8 of Hidalgo County, Texas pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit "B"**.[1]

## III.
## DIVERSITY JURISDICTION

10. Where there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs, an action may be removed to federal court. *See*

---

[1] Removing Defendant has not included Exhibit "1" to the Notice of Removal filed in the State Court Action because Exhibit "1" is a copy of the Notice of Removal filed in this Court.

28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Removing Defendant. Additionally, this action involves an amount in controversy that exceeds $75,000, exclusive of interest and costs. Therefore, the United States District Court for the Southern District of Texas, McAllen Division, has jurisdiction over this action.

### A. DIVERSITY OF CITIZENSHIP

11. On information and belief, Plaintiff Dalia Livas is a citizen of Texas for purposes of diversity jurisdiction. See Pet. ¶ 2.

12. Removing Defendant The Bank of New York Mellon is a state-chartered banking association of the State of New York, with its principal place of business in New York, New York. For diversity purposes, a state-chartered banking association is a citizen of the state where it is incorporated or where its principal place of business is located. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-07 (2006); *Horton v. Bank One, N.A.*, 387 F.3d 426, 431 (5th Cir. 2004). Thus, Removing Defendant The Bank of New York Mellon is a New York citizen for diversity purposes.

13. Because Plaintiff is a citizen of Texas, there is complete diversity among the parties. *See* 28 U.S.C. § 1332 (c)(1).

### The Citizenship of Defendant "Substitute Trustee, Kenneth M. Culbreth, Jr." Should Be Disregarded Because He is Improperly Joined.

14. Defendant Kenneth M. Culbreth, Jr., as Substitute Trustee, is a citizen of Texas; however, his citizenship should be disregarded for purposes of determining diversity jurisdiction because he has been improperly joined to this lawsuit by Plaintiff.

15. Substitute trustees are considered nominal parties whose presence is disregarded for determining diversity. *Zavala v. M & T Trust Co.*, SA-11-CV-956-XR, 2011 WL 6739614, *2, 2011 U.S. Dist. LEXIS 147119 (W.D. Tex. Dec. 22, 2011) (citing *Navarro Sav. Ass'n v. Lee*, 446

U.S. 458, 465–66, 100 S.Ct. 1779, 64 L.Ed.2d 425 (1980). As in *Zavala*, Plaintiff does not allege any facts that suggest that a claim is being asserted directly against Defendant Kenneth M. Culbreth, Jr., Substitute Trustee, based on any alleged misconduct. (*See*, *generally*, Petition.)

16. Texas law recognizes that a trustee named solely in his or her capacity as trustee under a deed of trust or security instrument is not a necessary party in a suit to prevent a foreclosure. *Zavala*, 2011 WL 6739614 at *2 (*citing* TEX. PROP. CODE § 51.007.) Thus, Defendant Kenneth M. Culbreth, Jr., Substitute Trustee, is not a necessary party for Plaintiff to obtain the relief she seeks, and his presence must be disregarded for purposes of determining diversity. *See id.* at *2-3 (citing *Marsh*, 760 F.Supp.2d at 709; *Gregory v. S. Tex. Lumber Co.*, 216 S.W. 420, 421 (Tex. Civ. App.—San Antonio 1919, writ dism'd w.o.j.) (substitute trustee is a nominal party in foreclosure)). As such, the citizenship of Defendant Kenneth M. Culbreth, Jr., Substitute Trustee must be disregarded and this Defendant should be dismissed. *See Guillory v. PPG Indus.*, 434 F.3d 303, 308, 313 (5th Cir. 2005).

### The Consent of the Improperly Joined Defendant "Substitute Trustee, Kenneth M. Culbreth, Jr." Is Not Required.

17. Defendant Kenneth M. Culbreth, Jr., as Substitute Trustee, is improperly joined to this lawsuit by Plaintiff and therefore his consent to removal is not necessary. *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993).

### B. AMOUNT IN CONTROVERSY

18. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy more likely than not exceeds the jurisdictional minimum, removal is proper. *See White v. FCI USA, Inc.*, 319 F.3d 672, 675-76 (5th Cir. 2003). A defendant can meet this burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 or, alternatively, if the defendant introduces other evidence to show that the amount in controversy

more likely than not exceeds $75,000, exclusive of interest and costs. *See St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009).

19. In this case, Plaintiff seeks to enjoin a residential non-judicial foreclosure sale of the property ("the Property") described in the Petition. See Pet. and specifically at ¶ IV, X and XII. "[W]hen the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in controversy." *Nationstar Mortg. L.L.C. v. Knox*, 351 F. App'x 844, 848 (5th Cir. 2009) (quoting *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547-48 (5th Cir. 1961)); *see also Alsobrook v. GMAC Mortg., L.L.C.*, 541 F. App'x 340, 342 (5th Cir. 2013); *Copeland v. U.S. Bank Nat'l Ass'n*, 485 F. App'x 8, 9 (5th Cir. 2012) relying on the value of the property to satisfy the amount in controversy in exercising diversity jurisdiction over appeal of foreclosure-related claims); *Brooks v. Wells Fargo Bank, N.A.*, No. 3:15-CV-245-L, 2015 WL 390674, at *3 (N.D. Tex. Jan. 29, 2015) ("Plaintiff's suit to quiet title to the property calls into question a right to the property in its entirety, and the amount in controversy is equal to the value of the property.").

20. Based on a review of the Petition and the evidence presented, the amount at issue exceeds $75,000, exclusive of interest and costs. Plaintiff seeks to enjoin a residential non-judicial foreclosure sale of the Property, and as a result, the entire value of the Property is squarely at issue. *See also Knox*, 351 F. App'x at 848; *Waller*, 296 F.2d at 547-48. According to the Hidalgo County Appraisal District, the market value of the Property is $106,340.00. *See* **Exhibit "C"**.[2] Thus, the

---

[2] Pursuant to Rule 201 of the Federal Rules of Evidence, Removing Defendant respectfully requests that the Court take judicial notice of the Hidalgo County Appraisal District tax record for the Property. Removing Defendant does not contend that this particular appraisal constitutes the most accurate valuation of the Property. Such appraisal is provided only for the purpose of establishing a base-line value to prove that the amount-in-controversy requirement is satisfied.

value of the Property alone satisfies the amount in controversy requirement.

21. Because there is complete diversity among the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Therefore removal is proper.

## IV.
## CONCLUSION

WHEREFORE, for the foregoing reasons, Removing Defendant requests that this Court assume jurisdiction of the Removed Case, that the Removed Case proceed in this Court pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and (b) and 1446 and Local Rule LR81; that the improperly joined Defendant (Substitute Trustee, Kenneth M. Culbreth, Jr.) be dismissed; and, that the Removing Defendant have such other and further relief, at law or in equity to which it may show itself to be justly entitled.

Dated: July 13, 2018

Respectfully submitted,

/s/ *Kenneth M. Culbreth, Jr.*
Kenneth M. Culbreth, Jr.
Attorney in Charge
State Bar No. 05207525
S.D. Tex. No. 11507
THE CULBRETH LAW FIRM, P.C.
500 N. Shoreline, Suite 612
Corpus Christi, Texas 78401
(361) 760-3333 Telephone
(361) 760-3339 Telecopier
kculbreth@theculbrethlawfirm.com
**Attorneys for Defendant, The Bank of New York Mellon**

## **CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served pursuant to the Federal Rules of Civil Procedure upon the following on July 13, 2018:

Dalia Livas, Pro Se
4721 Sandpiper
McAllen, Texas 78504

Via Regular Mail

/s/ *Kenneth M. Culbreth, Jr.*
Kenneth M. Culbreth, Jr.